**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 13-4465**

───────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

     v.

MICHAEL SCOTT GUMULA,

              Defendant - Appellant.

───────────

Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Martin K. Reidinger, District Judge. (1:11-cr-00105-MR-DLH-1)

───────────

Submitted: January 30, 2014     Decided: February 12, 2014

───────────

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

───────────

Affirmed by unpublished per curiam opinion.

───────────

Andrew B. Banzhoff, DEVEREUX & BANZHOFF, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Melissa L. Rikard, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Scott Gumula entered a conditional guilty plea, see Fed. R. Crim. P. 11(a)(2), to manufacturing and possessing with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) (2012). Gumula preserved his right to appeal the district court's order accepting the recommendation of the magistrate judge and denying his motion to suppress evidence seized during the search of a residence Gumula was occupying. Because we conclude the challenged evidence was admissible pursuant to the good-faith exception to the exclusionary rule articulated in United States v. Leon, 468 U.S. 897 (1984) ("good-faith exception"), we affirm. See United States v. Andrews, 577 F.3d 231, 235 (4th Cir. 2009) (explaining that court may proceed directly to issue of good faith if defendant challenges both probable cause determination and application of good-faith exception).

When considering the denial of a motion to suppress, we review a district court's legal conclusions de novo, and its factual findings for clear error. United States v. Guijon-Ortiz, 660 F.3d 757, 762 (4th Cir. 2011). The evidence is construed in the light most favorable to the Government, the prevailing party below. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). Pursuant to the good-faith exception, when "an officer act[s] with objective good faith within the scope of

2

a search warrant issued by a magistrate," suppression of the evidence obtained in the search does not serve the exclusionary rule's deterrence objective, as the officer has attempted to comport with the law. United States v. Perez, 393 F.3d 457, 461 (4th Cir. 2004) (internal quotation marks omitted). Therefore, "evidence obtained pursuant to a search warrant issued by a neutral magistrate does not need to be excluded if the officer's reliance on the warrant was objectively reasonable." Id. (internal quotation marks omitted). "Usually, a warrant issued by a magistrate suffices to establish that a law enforcement officer has acted in good faith in conducting the search." United States v. Doyle, 650 F.3d 460, 467 (4th Cir. 2011) (internal quotation marks and alteration omitted).

However, an officer's reliance on a warrant is not objectively reasonable:

> (1) if the magistrate . . . was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth;
>
> (2) if the . . . magistrate wholly abandoned his judicial role . . . [as a detached and neutral decision maker];
>
> (3) if the affidavit supporting the warrant is so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; and
>
> (4) if . . . the warrant is so facially deficient— i.e., in failing to particularize the place to be searched or the things to be seized—that the executing officers cannot reasonably presume it to be valid.

Id. (internal quotation marks omitted). Gumula argues that all but the fourth scenario preclude application of the good-faith exception here. We disagree.

"In challenging a search warrant on the theory that the officer's affidavit omitted material facts with the intent to make, or in reckless disregard of whether they thereby made, the affidavit misleading," Gumula must first establish a deliberate or reckless omission of information. Andrews, 577 F.3d at 238 (internal quotation marks and alteration omitted). Gumula must then show "that the inclusion of this information would have defeated probable cause." Id. at 238-39.

Gumula, however, does neither. Contrary to Gumula's suggestion, the fact alone that an affiant officer has omitted certain facts from his affidavit when applying for a search warrant cannot establish the requisite deliberateness or recklessness. United States v. Lalor, 996 F.2d 1578, 1583-84 (4th Cir. 1993); United States v. Colkley, 899 F.2d 297, 300-01 (4th Cir. 1990). Moreover, Gumula fails to propose how the factual omissions he identifies would have defeated a finding of probable cause.

We also reject Gumula's contention that the officer's affidavit supporting the challenged warrant was so lacking that the judicial officer issuing the warrant must have abandoned his impartiality and no executing officer could have reasonably

relied on the warrant's validity. Because Gumula essentially argues that the affidavit was "grossly insufficient," his claims are most appropriately analyzed solely under Leon's third exception. United States v. Wellman, 663 F.3d 224, 229 (4th Cir. 2011). Having carefully reviewed the record, we conclude that the subject affidavit bore sufficient "indicia of a strong search warrant application" to justify a reasonable officer's belief in the existence of probable cause. Id.

As the affidavit described, Gumula was one of three individuals implicated in the large-scale, indoor cultivation of marijuana. Although the evidence directly incriminating Gumula was scant, months of investigation repeatedly and decisively tied Gumula's alleged accomplices to ongoing marijuana production. Moreover, the affidavit suggested a nexus between that criminal activity and two adjacent residences in Arden, North Carolina. Lalor, 996 F.2d at 1582. For a period of approximately five months, one of Gumula's suspected associates paid the electric bills for both residences. Gumula took over the bill for one of the residences in May 2011. For the next four months, however, both residences consistently and inexplicably consumed electricity at a rate five times that of two similarly sized homes in the same neighborhood. Contrary to Gumula's suggestion, such coincidental and anomalous power consumption was clearly corroborative of marijuana production

5

and suggested a connection between Gumula and the other two suspects.  Considering also the remainder of the information in the affidavit, we conclude that an executing officer could have reasonably believed that it supplied probable cause.  See Lalor, 996 F.2d at 1579-80, 1582-83; cf. United States v. Carpenter, 360 F.3d 591, 593, 596-97 (6th Cir. 2004); United States v. Clark, 31 F.3d 831, 835 (9th Cir. 1994).

Accordingly, because the district court properly denied Gumula's motion to suppress, we affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

6